

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# USA v. Miles

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3567

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Miles" (2006). *2006 Decisions.* Paper 907.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/907

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3567
_____

UNITED STATES OF AMERICA

v.

DONALD RAY MILES,
a/k/a RAZON MILES

Donald Ray Miles,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00151)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2006

Before: FISHER, GREENBERG, and LOURIE,[*] Circuit Judges.

(Filed June 13, 2006)
_____

OPINION OF THE COURT
_____

_____

[*]Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

LOURIE, Circuit Judge.

Donald Ray Miles ("Miles") appeals from the District Court's decision sentencing him to 87 months for distribution and possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).  Because the District Court properly considered the sentencing factors provided in 21 U.S.C. § 3553(a), as well as the Sentencing Guidelines, and the sentence imposed was reasonable, we will affirm.

Between January 30, 2004 and April 15, 2004, Miles made six sales of cocaine base (crack) to a confidential informant in Lackawanna County, Pennsylvania.  On October 7, 2004, Miles, pursuant to a prior plea agreement with the government, pled "guilty" to one count of distribution and possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).  On July 21, 2005, the District Court sentenced Miles to 87 months of imprisonment.

Considering Miles' offense level and criminal history category, the District Court determined that the United States Sentencing Guidelines ("Guidelines") provided a sentence in the range of 100-120 months.  Nonetheless, the Court recognized that the Guidelines were advisory, and it considered the factors listed in 18 U.S.C. § 3553(a).  In giving him a prison sentence below the Guidelines' recommended minimum, the Court credited Miles for his prior community service.  Miles timely appealed his sentence, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1).

On appeal, Miles argues that the District Court's sentence was "far greater than would be necessary to achieve the purpose of 18 U.S.C. § 3553(a)," and thus that it was

2

unreasonable. According to Miles, the law unfairly distinguishes between criminal offenses relating to cocaine powder and cocaine base (crack). For example, if Miles was convicted of distributing the same quantity of cocaine powder that he was for cocaine base (crack), the Guidelines would have prescribed a sentence in the range of 24-30 months, as opposed to 100-120 months. Although his sentence of 87 months was less than the minimum 100 months that the Guidelines prescribed, Miles argues that the distinction between cocaine powder and cocaine base (crack) led to an unreasonable prison sentence.

We agree with the government that the District Court's sentence was not unreasonable. Notably, Miles does not argue that the District Court erred in its consideration of any particular factor under § 3553(a) or that it failed to correctly apply the Guidelines. Nor can we discern from our review of the record that the Court committed any such error. Miles' policy argument, viz., the disparate punishment for cocaine powder and cocaine base (crack) offenses, is not an adequate basis for us to conclude that the Court imposed an unreasonable prison sentence. Congress has enacted the Guidelines, which requires disparate punishment for the two types of offenses, and the District Court was bound to consider them. Miles' argument on appeal is best directed to the legislative branch of our government, not to the courts. Moreover, the Court departed downwardly from the Guidelines' recommended sentence in view of Miles' community service. A sentence below what the Guidelines recommends is hardly unreasonable.

3

Accordingly, we will affirm the District Court's decision sentencing Miles to 87 months of imprisonment.